## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ARVEGENIX, LLC, | ) |
| | ) |
|     Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| SUDHIR SETH, *individually and as agent of Pennycress Energy Company, LLC, and Arvens Technology, Inc.*, PENNYCRESS ENERGY COMPANY, and ARVENS TECHNOLOGY, INC., | ) ) ) ) ) |
| | ) |
|     Defendants/Counter-Claimants, | ) |
| | ) |
|   and | )    Case No.   13-cv-1253 |
| | ) |
| SUDHIR SETH, *individually and as agent of Pennycress Energy Company, LLC, and Arvens Technology, Inc.*, PENNYCRESS ENERGY COMPANY, and ARVENS TECHNOLOGY, INC., | ) ) ) ) ) |
| | ) |
|     Third-Party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| VIJAY CHAUHAN, DENNIS PLUMMER, MICHAEL ROTH, BIOGENERATOR, *a Missouri not-for-profit corporation*, and BIOSTL, *a Missouri not-for-profit corporation*, | ) ) ) ) ) |
| | ) |
|     Third-Party Defendants, | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff/Counter-Defendant Arvegenix, LLC's Motion to Dismiss Counterclaim X (Doc. 64). For the reasons explained

below, this Motion is granted, and Counterclaim X, seeking a declaratory judgment, is dismissed.

## PROCEDURAL HISTORY

Plaintiff/Counter-Defendant Arvegenix, LLC ("Plaintiff") filed the present action on June 4, 2013, alleging ten counts against Defendants Sudhir Seth ("Seth"), Pennycress Energy Company, LLC ("PEC"), and Arvens Technology, Inc. ("ATI") (collectively, "Defendants"). (Doc. 1). Plaintiff's claims include defamation, unfair competition, and a declaratory judgment claim, and are based primarily on conduct by Defendants after a business arrangement between Defendants and Plaintiff's members broke down. On November 26, 2013, Defendants filed ten counterclaims against Plaintiff and against three individuals and two not-for-profit corporations (collectively, "Third-Party Defendants"), related to the consequences of the same breakdown in business relations. (Doc. 40). In particular, Counterclaim X is a claim for a declaratory judgment that would declare the rights and relationships of the parties resulting from a non-disclosure agreement. (Doc. 40 at 18-20). Plaintiff filed the instant Motion to Dismiss, arguing Counterclaim X must be dismissed.

## LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). The pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the challenged pleading must contain sufficient detail

to give notice of the claim, and the allegations must "plausibly suggest that the [non-movant] has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard requires enough facts "to present a story that holds together," but does not require a determination of probability. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545.

## FACTUAL BACKGROUND[1]

Defendants are in the business of developing technology to make biofuel out of a plant called pennycress. In fall 2012, Defendant Seth, as an agent for Defendants ATI and PEC, approached Third-Party Defendant BioGenerator in search of investment assistance to begin commercial production of pennycress for biofuel. BioGenerator is a company that "place[s] inventors and entrepreneurs with investors and technological experts in order to develop their business ideas." (Doc. 40 at 4). Defendants and BioGenerator entered into a non-disclosure agreement to facilitate their arrangement and provide protection for any confidential information shared by Defendants. The agreement provided that confidential information would not be disclosed, and would be returned or destroyed at the conclusion of the business arrangement.

---

[1] Unless otherwise noted, the Court draws the facts in this section from Defendants' Counterclaim (Doc. 40), treating their allegations as true and drawing all reasonable inferences in their favor, in accordance with the motion to dismiss standard described above.

In fall 2012 and spring 2013, Seth was introduced to some individuals BioGenerator represented as having knowledge and experience in start-up agribusiness. These individuals included Third-Party Defendants Vijay Chauhan, Dennis Plummer, and Michael Roth, as well as non-party Arnold Rosielle. BioGenerator represented to Seth that these individuals were pursuing due diligence to determine whether Defendants had a viable business idea. Defendants provided access to information about the production of pennycress as well as business information and present and potential partners. During this time, Chauhan, Plummer, Roth, and Rosielle represented to Seth that they were meeting with potential investors. They also altered Seth's proposed business plans by reducing Seth's role in the proposed new business and his compensation.

BioGenerator, Defendants, Chauhan, Plummer, and Roth set a May 1, 2013, deadline for reaching agreement on the new business; none was reached. BioGenerator did not require its consultants to destroy or return confidential information pursuant to the non-disclosure agreement. Chauhan, Plummer, and Roth, in collaboration with BioGenerator, then formed a new company, Arvegenix, LLC, Plaintiff in this case, which would compete with PEC and ATI. Plaintiff, as well as Chauhan, Plummer, and Roth, used information and data provided by Defendants to seek researchers and partners to work with, and attempted to persuade them to cancel agreements with Defendants to instead work with them. On May 22, 2013, Seth demanded the return or destruction of all information provided to BioGenerator and Chauhan, Plummer, and Roth, as BioGenerator consultants. BioGenerator advised they had received no confidential information.

ANALYSIS

Plaintiff essentially makes two arguments against Defendants' Counterclaim X. First, it argues Plaintiff should not be subject to the claim because, as is made clear from the allegations throughout the Counterclaim, it was not a party to the non-disclosure agreement and thus cannot be in breach of it. Second, Plaintiff argues the claim is improper because it seeks affirmative relief, not a declaratory injunction. Because the Court finds Plaintiff's second argument dispositive of the matter, it does not address Plaintiff's first argument herein.

## I. *Preliminary Matters*

There are some minor issues that can be cleared up before addressing Plaintiff's arguments. First, the Court does not consider the exhibits attached to Plaintiff's Motion to Dismiss and Defendants' Response. (Docs. 65-1, 65-2, 65-3, 68-1). If matters outside the pleadings are considered by a court in ruling on a motion to dismiss, the motion must be treated as a motion for summary judgment, and the parties are to be given sufficient time to present all pertinent material. Fed. R. Civ. P. 12(d). The exhibits presented by the parties are largely irrelevant to the issues to be decided, and add nothing to the determination of whether or not Defendants have stated a claim in Counterclaim X. Accordingly, the Court will not consider the parties' additional exhibits, and thus does not convert Plaintiff's Motion to Dismiss into a motion for summary judgment pursuant to Rule 12(d).[2]

---

[2] As an additional procedural note, directed primarily toward Defendants' counsel, a memorandum in response to a motion to dismiss is all that is required; the non-movant does not file both a response and a separate memorandum in support. The parties are directed to consult the local rules any time there is uncertainty over proper procedure.

Second, one of Plaintiff's arguments in the Motion to Dismiss can be rejected summarily. Plaintiff repeatedly emphasizes that Defendants filed the same ten claims Plaintiff filed. The Court sees no reason that fact alone would require dismissal of any claim, and Plaintiff cites not authority for such a requirement. Simply because the same claims have been filed against Defendants by Plaintiff does not mean Defendants' claims are without merit, or that they are inadequately pleaded.

Finally, both parties have included an abundance of irrelevant information and arguments in their memoranda to the Court. For example, Plaintiff points out Defendants' service errors as supposed evidence of a lack of care in investigating claims (Doc. 65 at 2 n.1), and Defendants emphasize denials based on insufficient knowledge in Plaintiff's Answer to the Counterclaim that it finds disingenuous (Doc. 68 at 6). The Court will not tolerate irrelevant finger-pointing in any future filings.

## II. *Propriety of Declaratory Judgment Claim*

In Counterclaim X, Defendants seek a declaration of the rights and relationships of the parties in relation to a non-disclosure agreement entered into initially between Defendants and BioGenerator. Plaintiff's Claim X similarly seeks a declaratory judgment as to whether it has any obligation under the same agreement. Although Plaintiff objects to Counterclaim X on the basis of Rule 12(b)(6), arguing it fails to state a claim upon which relief can be granted, Plaintiff's substantive argument is more relevant to whether the Court should, in its discretion, entertain Defendants' claim for a declaratory judgment. Plaintiff argues that Counterclaim X is not actually a declaratory judgment claim, but rather a

disguised breach of contract claim, in part because Defendants ask for affirmative relief such as barring Plaintiff and Third-Party Defendants from doing business in the pennycress industry.

Pursuant to the Declaratory Judgment Act, where there is an "actual controversy," a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The purpose of this provision is to "'avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued.'" *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1167-68 (7th Cir. 1969) (quoting *E. Edelmann & Co. v. Triple-A Specialty Co.*, 88 F.2d 852, 854 (7th Cir. 1937)). A declaratory judgment is appropriate to "clarify and settle the disputed legal relationships and afford relief from the uncertainty and controversy that created the issues." *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 578 (7th Cir. 1994).

A court has discretion when determining whether or not to entertain a claim for declaratory judgment. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action."). Some factors that may be considered in making this determination include, as relevant here, "'whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue'" and "'whether there is an alternative remedy that is better or more effective.'" *NUCOR Corp.*, 28 F.3d at 579

7

(quoting *Nationwide Mut. Fire Ins. Co. v. Willenbrink*, 924 F.2d 104, 105 (6th Cir. 1991)).

There is clearly an actual controversy in the present case, as evidenced by the numerous disputed claims and counterclaims that all stem from actions in connection with the business relationship and non-disclosure agreement initially formed between Defendants and BioGenerator. Further, under a typical failure to state a claim analysis, Defendants have given notice of their claim and adequately pleaded facts in support of it. However, the purpose of declaratory judgments—resolving uncertainty and affording early adjudication to avoid accrual of damages—would not be served by Defendants' declaratory judgment claim, and the claim should thus be dismissed. Plaintiff is also correct that Defendants could have filed a claim for breach of contract if they believed Plaintiff was obligated to take or refrain from particular action, and could have sought damages or injunctive relief. The remedy from such a claim would be a more effective alternative to a declaratory judgment that simply declares Plaintiff to have contractual obligations.

Defendants argue in response to the Motion to Dismiss that Counterclaim X is virtually identical to Claim X by Plaintiff, but this actually dooms Defendants' claim. Plaintiff's claim is a typical declaratory judgment claim, seeking only to know if it has any obligations at all, to clear up any uncertainty of its contractual obligations, and not alleging any substantive claim or seeking relief beyond a declaration of rights and relationships. Further, courts have dismissed declaratory judgment claims that merely seek a declaratory judgment from the opposite

perspective, as they are redundant. *Green Bay Packaging, Inc. v. Hoganson & Assocs., Inc.*, 362 F. Supp. 78, 82 (N.D. Ill. 1973).

The Court will determine the issues presented in Counterclaim X in resolving Count X and other claims before the Court. Defendants could have raised the same issues in a more straightforward manner by bringing a breach of contract claim. Counterclaim X is redundant, and does not serve the purpose of the declaratory judgment provision. For all these reasons, the Court, in its discretion, declines to entertain Counterclaim X, seeking a declaratory judgment. Accordingly, it is dismissed.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff/Counter-Defendant Arvegenix, LLC's Motion to Dismiss Counterclaim X (Doc. 64) is GRANTED. Counterclaim X is DISMISSED. This matter is REFERRED BACK to Magistrate Judge Jonathan Hawley for further proceedings.


Entered this 13th day of March, 2014.


                                                       s/ Joe B. McDade
                                                       JOE BILLY McDADE
                                                       United States Senior District Judge